UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES LEWIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-00448-SEB-MPB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying a Certificate of Appealability**

On January 23, 2019, Petitioner James Lewis mailed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 to the Court.[1] Dkt. 1. For the following reasons, the Court grants the government's motion to dismiss the § 2255 motion as untimely and declines to issue a certificate of appealability.

**I. Background**

In May 2015, Mr. Lewis was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *United States v. Lewis,* 1:15-cv-00099-SEB-TAB (hereinafter "Crim. Dkt.") at Dkt. 1. A Federal Community Defender represented Mr. Lewis. Crim. Dkt. 12. Mr. Lewis filed a petition to enter a plea of guilty to the charge without the benefit of a plea agreement. Crim. Dkt. 24; Crim. Dkt. 28, PSR, ¶ 4. Mr. Lewis's change of plea and sentencing hearing was held on September 16, 2016. Crim. Dkt. 32. The Court ultimately

---

[1] The "prison mailbox rule" provides that a habeas corpus "petition is deemed filed when given to the proper prison authorities and not when received by the district court clerk." *Boulb v. United States*, 818 F.3d 334, 338 (7th Cir. 2016) (quoting *Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999)).

accepted Mr. Lewis's plea of guilty and adjudged him guilty. Crim. Dkt. 54, Plea and Sentencing Hearing Transcript at p. 16. Mr. Lewis was sentenced to 120 months' imprisonment. Crim. Dkt. 33. The Court advised Mr. Lewis that he could appeal the sentencing decision and that he had two weeks to do so. Crim. Dkt. 54 at p. 51. Judgment was entered on the docket on October 4, 2016. Crim. Dkt. 33.

Approximately nine months later, on July 21, 2017, Mr. Lewis filed a motion that stated his desire to appeal, Crim. Dkt. 39, which this Court ordered to be treated as a notice of appeal. Crim. Dkt. 42. The appeal was assigned appellate Case Number 17-2723. *United States v. Lewis*, No. 17-2723 (7th Cir. 2017). On January 24, 2018, the Seventh Circuit dismissed the appeal finding it untimely. Crim. Dkt. 49 (Mandate).

A year later, on January 23, 2019, Mr. Lewis filed a motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. 1 at p. 8. Mr. Lewis claims that trial counsel provided ineffective assistance of counsel when, among other things, she failed to file a notice of appeal after Mr. Lewis timely instructed her to do so. Dkt. 6. The United States seeks dismissal of this § 2255 motion arguing that it is time-barred.

## II. Discussion

"Section 2255 provides an avenue for relief for federal prisoners who contend that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" *Waagner v. United States*, 971 F.3d 647, 653 (7th Cir. 2020) (quoting § 2255(a)). In other words, "relief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of

justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013)).

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). That period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States*, 537 U.S. 522, 527 (2003).

Mr. Lewis was sentenced on September 16, 2016, and Judgment was entered on the docket on October 4, 2016. Crim. Dkt. 33. A notice of appeal needed to be filed by October 18, 2016 to be timely. See Fed. R. App. P. 4(b)(1)(A)(i) (notice of appeal must be filed within fourteen days of judgment). Accordingly, the date on which Mr. Lewis's judgment of conviction became final is October 18, 2016. *Clay*, 537 U.S. at 532 ("2255's one-year limitation period starts to run when the time for seeking such review expires").

Mr. Lewis did not file a notice of appeal until July 2017, "about nine months late." *United States v. Lewis*, No. 17-2723 (7th Cir. 2017), Crim. Dkt. 49 (Mandate). Mr. Lewis's § 2255 motion was filed January 23, 2019, well after the one-year limitation period of § 2255(f)(1).[2]

**B. Equitable Tolling**

In reply, Mr. Lewis argues that the statute of limitations should be equitably tolled. Equitable tolling is available in cases ordinarily barred by 28 U.S.C. § 2255(f), provided the defendant has diligently pursued his rights and "some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation and citation omitted). This is a high bar to clear and such a remedy is "rarely granted." *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013). Mr. Lewis has not established that he diligently pursued his rights or that extraordinary circumstances prevented his filing.

First, "'[e]xtraordinary circumstances' are present only when an 'external obstacle' beyond the party's control 'stood in [its] way' and caused the delay." *Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017) (quoting *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016)); *see also Perry v. Brown*, 950 F.3d 410, 412 (7th Cir. 2020) (there must be "some 'extraordinary circumstance', beyond the applicant's control, that prevents timely filing; simple legal errors, such as ignorance of the federal deadline, do not suffice"). In rare circumstances, errors by an attorney amounting to abandonment can be considered an extraordinary circumstance.

---

[2] Both parties appear to agree that § 2255(f)(1) applies to this case. There is no suggestion that government action created an impediment to Mr. Lewis's filing a Section 2255 motion. *See* § 2255(f)(2). Similarly, Mr. Lewis's right to a new appeal was established in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). In that case, the Supreme Court held that where counsel abandons a defendant by failing to file notice of appeal, and the defendant otherwise would have taken appeal, the defendant is entitled to a new appeal. *Id.* at 484. In other words, the right asserted by Mr. Lewis was initially recognized by the Supreme Court several years before Mr. Lewis's conviction and therefore does not extend the statute of limitations beyond the date Mr. Lewis's conviction became final. *See* § 2255(f)(3).

*Ramirez v. United States*, 799 F.3d 845, 849, 854 (7th Cir. 2015) (concluding that counsel's failure to notify defendant that his § 2255 motion was denied, failure to file any post-judgment motions, and failure to file a notice of appeal amounted to abandonment that constituted extraordinary circumstances under Rule 60(b) of the Federal Rules of Civil Procedure).

Mr. Lewis testified that he told his trial counsel at the conclusion of his sentencing hearing that he wished to appeal and that, a short time later, he met with counsel who advised him that an appeal would be filed on his behalf. Dkt. 35-1 ¶¶ 9, 10 (declaration). Mr. Lewis did not have contact information for his attorneys until he arrived at prison and when he finally reached out to counsel, he did not receive a response. *Id.* ¶¶ 11, 12, 14. After failing to reach his counsel, he filed an untimely appeal pro se. *Id.* ¶ 16. Accepting Mr. Lewis's testimony as true, Mr. Lewis was abandoned by counsel and this could be a sufficient basis to conclude that he faced extraordinary circumstances beyond his control that caused a delay. However, the impediment beyond his control was necessarily lifted by no later than July 17, 2017. On this date, Mr. Lewis filed the motion that this Court construed as a Notice of Appeal. In this filing, Mr. Lewis specifically acknowledged that his attorney withdrew from his case and he requested an appellate lawyer to assist him. Crim. Dkt. 39 at p. 2. It is by no later than this date, July 17, 2017, that Mr. Lewis necessarily no longer faced an impediment outside of his control created by trial counsel as he knew at that time that he was proceeding pro se. Had Mr. Lewis acted diligently, he could have timely filed his § 2255 motion by October 18, 2017, (one year from the date his judgment of conviction became final).

Mr. Lewis appears to argue that the extraordinary circumstances outside of his control were not lifted by July 17, 2017, and instead that his time to file a § 2255 motion should be tolled through January 24, 2018, the date the Seventh Circuit's January 24, 2018 Order dismissing his direct appeal as untimely was issued. Dkt. 35 at p. 4. "Extraordinary circumstances" are present,

5

however, only when an "external obstacle" beyond the party's control "stood in [its] way" and caused the delay. *Menominee Indian Tribe of Wis.*, 136 S.Ct. 750 at 756. In other words, the circumstances that caused a party's delay must be "both extraordinary and beyond its control." *Id*. Thus, Mr. Lewis's misunderstanding of the time he had to file his § 2255 motion, while unfortunate, was not beyond his control. "Equitable tolling is granted sparingly, where extraordinary circumstances beyond the litigant's control prevented timely filing; a mistaken understanding about the deadline for filing is not grounds for equitable tolling." *Robinson v. United States*, 416 F.3d 645, 650 n.1 (7th Cir. 2005); *see also Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017) (holding that attorney's miscalculation of a statute of limitations does not justify equitably tolling the limitations period for a motion under § 2255 even if the result is to bar a claim of ineffective assistance of trial counsel); *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003) ("[A]ttorney negligence is not extraordinary and clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or failures." (internal quotation omitted)). Accordingly, Mr. Lewis's claim that he faced extraordinary circumstances beyond his control from the date his criminal judgment was entered through January 24, 2018, when the Seventh Circuit dismissed his direct appeal as untimely is rejected. *Perry*, 950 F.3d at 412 (stating that ignorance of a federal deadline is not an extraordinary circumstance beyond the applicant's control).[3]

---

[3] Section 2255(f)(4) provides that the statute of limitations can run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f)(4). The fact that counsel did not file a timely direct appeal would have been known to Mr. Lewis by no later than July 17, 2017, when he filed his motion stating that his counsel had abandoned him and he wished to file an appeal. This § 2255 motion was filed more than a year later on January 23, 2019.

Next, Mr. Lewis must establish diligent pursuit. This means he must "demonstrate that he was reasonably diligent in pursuing his rights throughout the limitations period and until he finally filed his untimely" motion to vacate. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). To do so, the defendant must do more than simply show that he intended to preserve his rights, he must take actual steps to vindicate them. Mr. Lewis has not provided any testimony or evidence to suggest that he diligently pursued his right to file a § 2255 motion after learning that his attorney had abandoned him. There is no evidence upon which to conclude that Mr. Lewis took any efforts to pursue his § 2255 motion between July 17, 2017, (when he acknowledged to the court that he was proceeding pro se) and October 18, 2017, (one year from the date his judgment of conviction became final).

Mr. Lewis's request for an evidentiary hearing is **denied.** A hearing is unnecessary when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A district court is not required to hold an evidentiary hearing "'if the petitioner makes allegations that are vague, conclusory, or palpably incredible, rather than detailed and specific.'" *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016) (quoting *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001)). "On the other hand, if 'the petitioner alleges facts that, if proven, would entitle him to relief,' the judge must conduct a fact-finding hearing." *Williams v. United States*, 879 F.3d 244, 248 (7th Cir. 2018) (quoting *Boulb,* 818 F.3d at 339). In this case Mr. Lewis has not set forth facts that suggest he diligently pursued his right to file a § 2255 motion between July 17, 2017, and October 18, 2017. Instead he waited until January 24, 2019, to file this civil action. Under these circumstances an evidentiary hearing is not required. In reaching this conclusion, the Court recognizes that "the diligence required for equitable tolling is 'reasonable diligence' not 'maximum feasible diligence,'" *Mayberry v. Dittmann*, 904 F.3d 525,

531 (7th Cir. 2018) (quoting *Holland*, 560 U.S. at 653)). However, "mere conclusory allegations of diligence are insufficient and reasonable effort throughout the limitations period is required." *Id.*

### III. Conclusion

For the reasons explained in this Entry, Mr. Lewis's § 2255 motion is time-barred and subject to dismissal. An evidentiary hearing is unnecessary to resolve this issue. Judgment consistent with this Entry shall now issue. This Entry shall also be entered on the docket in the underlying criminal action, 1:15-cr-99-SEB-TAB-1. The motion to vacate pending in the criminal case, dkt [52], is **dismissed.**

### IV.  Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). Instead, he must first request a certificate of appealability. *Id*. A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id*. at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Mr. Lewis must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Mr. Lewis has not demonstrated that reasonable jurists would disagree as to the Court's timeliness consideration. The Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Date:  4/26/2021

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov

Terry Wayne Tolliver
BRATTAIN MINNIX GARCIA
Terry@BMGIndy.com